# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY DENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | |
| ) | |
| CITY OF CHICAGO POLICE ) | COMPLAINT FOR VIOLATION OF |
| OFFICERS DELGADO FERNANDEZ, ) | CIVIL RIGHTS and a SUPPLEMENTAL |
| STAR NO. 6261, JERALD WILLIAMS, ) | STATE CLAIM |
| STAR NO. 3317, CESAR ASTORGA, ) | |
| STAR NO. 14757, AND UNKNOWN ) | **JURY DEMANDED** |
| AND UNNAMED CITY OF CHICAGO ) | |
| POLICE OFFICERS, AND THE CITY ) | |
| OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Anthony Denton ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendants City of Chicago Police Officers D. Fernandez, Star No. 6261, J. Williams, Star No. 3317, C. Astorga, Star No. 14757, collectively

"individual defendants" or "police defendants" and unknown and unnamed officers were employed by the City of Chicago Police Department, were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6. On June 12, 2019, Plaintiff was lawfully located at a friend's residence at or near 4056 W. Crystal Street in the City of Chicago, County of Cook, Illinois.

7. On that day and place, Defendants Williams, D. Fernandez, Astorga, and fifteen to twenty unknown officers, along with the SWAT team, broke down the apartment door where Plaintiff was located and unlawfully entered and searched the premises.

8. Defendants did not knock or announce their office prior to forcibly entering the residence.

9. Neither Plaintiff nor any individual at the apartment consented to the entry and search of the residence.

10. Defendants never announced they had a search warrant nor presented one to the Plaintiff or any other inhabitants of the apartment.

11. There was no legal or probable cause for Defendants to enter the residence or conduct a search of the residence other than a search warrant.

12. Plaintiff was not the target of the search warrant nor did he reside at the target location.

13. Upon entering the residence, Defendants detained Plaintiff and the other individuals present and subjected them to an illegal search.

14. Defendants did not find any contraband on Plaintiff or his friends.

15. An unknown Defendant Officer pulled Plaintiff away from the other individuals present. Defendant Officer asked Plaintiff if he knew anybody with a gun. Defendant Officer threatened Plaintiff he needed to give him something.

16. Plaintiff informed Defendant Officer he did not know anyone with a gun.

17. Upon executing the search of the residence, Defendants falsely claimed to have recovered illegal drugs. Defendants further falsely claimed that the illegal drugs were found in Plaintiff's possession.

18. Plaintiff did not possess illegal drugs on June 12, 2019.

19. Allegedly and according to police reports, Plaintiff waived his Miranda rights and told Defendants Delgado and Fernandez that the alleged contraband belonged to him.

20. Plaintiff at no point on June 12, 2019 told any Defendant that the illegal drugs allegedly found at the residence were his.

21. On June 12, 2019, Plaintiff had not committed any crimes nor was Plaintiff in possession of any illegal drugs and there were no illegal drugs found at the residence.

22. Defendants did not record their conduct during the execution of the search warrant with body worn cameras.

23. Despite the Defendants knowledge that Plaintiff did not reside at the residence, was not the target of the search warrant, and no contraband was found in Plaintiff's custody or control, Defendants charged Plaintiff with possession of a controlled substance.

24. As a result of Defendant Officers causing Plaintiff to be charged with a criminal offense, he was subjected to a legal process, criminal prosecution, pretrial detention, and a deprivation of his liberties.

25. Defendants Officers knew that the criminal prosecution, pretrial detention, and deprivation of Plaintiff's liberties was based solely upon Defendants' false allegations that they found illegal drugs at the residence and that Plaintiff possessed the illegal drugs, and thus Defendants knew Plaintiff's criminal prosecution, pretrial detention, and deprivation of Plaintiff's liberty was not supported by probable cause.

26. Plaintiff was arrested on June 12, 2019 and remained in custody until June 13, 2019 when he was released on a I-Bond.

27. On August 12, 2019, all criminal charges against Plaintiff were dismissed in Plaintiff's favor in a manner indicative of innocence.

28. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering in an amount to be ascertained.

29. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHTS THROUGH UNREASONABLE SEARCH AND SEIZURE

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

32. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants Officers violated the Plaintiff's rights in the following manner: the seizure, search of Plaintiff's person and/or arrest of Plaintiff was without any legal cause. These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHTS THROUGH UNLAWFUL DETENTION

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

35. The Defendants and each of them, known and unknown, subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

36. Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

37. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegation that they found illegal drugs at the residence and that Plaintiff possessed the illegal drugs

38. All criminal charged initiated by Defendants against Plaintiff were terminated in his favor in a manner indicative of innocence on August 12, 2019.

39. By reason of the conduct by Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of his Constitutional Rights and not authorized by law. There was no probable cause for the detention of Plaintiff. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF CHICAGO FOR THE SUPPLEMENTAL STATE LAW CLAIM OF MALICIOUS PROSECUTION

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

42. Defendants were employed by the City of Chicago, and maliciously commenced and caused to be continued criminal charges against Plaintiff.

43. The individual defendants initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, and by preparing and signing false criminal complaints.

44. The underlying criminal charges were terminated on August 12, 2019 in Plaintiff's favor in a manner indicative of innocence.

45. The individual defendants acted with malice in doing the acts described above.

46. Plaintiff was damaged as a result of being maliciously prosecuted as he suffered a loss of liberty, payment of attorneys' fees for the underlying criminal case and suffered emotional distress in a sum to be ascertained.

47. The City of Chicago is liable to Plaintiff under the concept of *respondeat superior.*

48. As a result of the foregoing, Defendants and the City of Chicago are liable to the Plaintiff for malicious prosecution.

**WHEREFORE,** the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the individual Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

7

  6. That Plaintiff have such other and further relief as this Court may deem just and proper.

            BY: s/ Edward M. Fox
               Edward M. Fox
               ED FOX & ASSOCIATES, LTD.
               Attorneys for Plaintiff
               300 West Adams, Suite 330
               Chicago, Illinois 60606
               (312) 345-8877
               efox@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

            BY: s/ Edward M. Fox
               Edward M. Fox
               ED FOX & ASSOCIATES, LTD.
               Attorneys for Plaintiff
               300 West Adams, Suite 330
               Chicago, Illinois 60606
               (312) 345-8877
               efox@efoxlaw.com